

06/06/2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 04-46009-R |
| BRUCE ALAN LIND | § | |
| JULIE ANN LIND, | § | Chapter 13 |
|     Debtors. | § | |
| | § | |
| TOYOTA CREDIT CORPORATION | § | |
|     Movant, | § | |
| | § | |
| v. | § | |
| | § | |
| BRUCE ALAN LIND | § | |
| JULIE ANN LIND, | § | |
|     Respondents. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING SECOND AMENDED MOTION TO ALLOW ADMINISTRATIVE CLAIM FILED BY TOYOTA CREDIT CORPORATION

On May 17, 2006, the Court held an evidentiary hearing on the Motion of the above-styled Movant on the Second Amended Motion to Allow Administrative Claim of Toyota Credit Corporation. The Debtors, Bruce Alan Lind and Julie Ann Lind (the "Linds") and Toyota Credit Corporation ("Toyota") by and through an authorized officer, all appeared, and testified. The Court, having considered the evidence and argument of counsel, makes the following Findings of Fact and Conclusions of Law. Any Finding by the Court may be deemed a Conclusion, and any Conclusion a Finding, for purposes of the record.

*A.  Findings of Fact*

1. The Linds leased the 2003 Toyota Matrix (the "Toyota Matrix") pursuant to a Closed End Motor Vehicle Lease Agreement dated June 5, 2003 from Toyota of Irving, Inc. (the "Lease"), which was assigned to Toyota.

2. Title to the Toyota Matrix remained in Toyota.

3. The Toyota Matrix was seized post petition by persons other than the Linds.

4. As the record owner of the Toyota Matrix, Toyota received timely notice of the auction sale of the Toyota Matrix, but failed to take any action to keep the Toyota Maxtrix from being auctioned.

5. The Toyota Matrix was thereafter auctioned.

### B. *Conclusions of Law*

1. 11 U.S.C. §503(b) must be narrowly construed, and that it requires that the property must have benefited the estate for an administrative claim to be allowed. *See In re James F. Lovay*, 205 B.R. 85, 87 (Bankr. E.D. Texas 1997).

2. Linds did not assume the Lease.

3. Toyota's administrative claim is not for the actual, necessary costs and expenses of preserving the Estate.

4. Toyota has no administrative claim against the Linds, with regard to the Lease Agreement.

Signed on 6/6/2006

*Brenda T. Rhoades*    MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE